UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JESUS MARIA CANO RUIZ, | |
| Plaintiff, | **ORDER** |
| -against- | **19-CV-8810 (PAE) (KHP)** |
| SEIU LOCAL 32BJ, et al., | |
| Defendants. | |

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED:__7/27/2022__

**KATHARINE H. PARKER, United States Magistrate Judge.**

Before the Court is Pro Se Plaintiff's request for me to recuse myself from this case pursuant to 28 U.S.C. § 445; 22 N.Y. Comp. Codes R. & Regs. ("NYCCRR") § 100.3; and the New York Code of Judicial Conduct, Canons 1, 2, and 3(a)-(c).  (ECF No. 113.)  Plaintiff argues that recusal is warranted because at a telephonic case management conference on June 29, 2022, I "supported defense lawyer Mrs. Ashley Whitney, after [P]laintiff suggested that [she] committed unauthorized practice [of law] and [commission] of a felony."  (*Id.*)

Specifically, at this conference, Plaintiff accused defense counsel of the unauthorized practice of law because she is authorized to practice in New Jersey; Defense counsel responded that she is authorized to practice in both New Jersey and New York; and I informed Plaintiff that an attorney may legally be authorized to practice law in more than one state.  I also informed Plaintiff that an allegation that defense counsel has committed a felony is not properly brought before this Court, and advised Plaintiff that he should report any allegation of criminal wrongdoing to appropriate law enforcement.

Plaintiff now argues that my comments made me "an accomplice" to the alleged unauthorized practice of law by defense counsel, and he argues that my impartiality has accordingly been called into question.[1]

For the reasons stated below, Plaintiff's motion is DENIED.

1. **Recusal under 28 U.S.C. § 455(a) is not warranted.**

Under 28 U.S.C. § 455(a), "[a]ny justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455(a). There is a strong presumption that a judge is impartial, and the movant bears the "substantial" burden of overcoming that presumption. *Metro. Opera Ass'n, Inc. v. Loc. 100, Hotel Emps. & Rest. Emps. Int'l Union*, 332 F. Supp. 2d 667, 670 (S.D.N.Y. 2004) (citation omitted). Recusal is only warranted if "an objective, disinterested observer fully informed of the underlying facts, [would] entertain significant doubt that justice would be done absent recusal." *United States v. Carlton*, 534 F.3d 97, 100 (2d Cir.) (citation omitted). A judge has "an affirmative duty" not to unnecessarily disqualify herself, *Nat'l Auto Brokers Corp. v. Gen. Motors Corp.*, 572 F.2d 953, 958 (2d Cir. 1978), and indeed, "the public interest mandates that judges not be intimidated out of an abundance of caution into granting disqualification motions," *Da Silva Moore v. Publicis Groupe*, 868 F. Supp. 2d 137, 148-51

---

[1] Plaintiff attached as exhibits to his motion an email in which he appears to have impersonated defense counsel Ms. Whitney in an attempt to secure her certificate of good standing to practice law in New York. (ECF No. 113 at 7-8.) It is clear from the face of the exhibit that this attempt was unsuccessful because Plaintiff used his own email address rather than defense counsel's email address. The New York court system will only send a certificate of good standing to the email address on file for the attorney in question. *See* https://portal.nycourts.gov/CoGS/. Therefore, Plaintiff's exhibit does not demonstrate that defense counsel is unauthorized to practice law in the State of New York. Needless to say, there is no evidence of any kind on the record that defense counsel is engaged in the unauthorized practice of law or that she has committed any crimes. Plaintiff's continued unfounded and unsupported insistence that defense counsel and various other individuals, including myself, are committing felonies, is bordering on sanctionable behavior.

(S.D.N.Y. 2012), objections overruled sub nom. *Moore v. Publicis Groupe SA & MSL Grp.*, 2012 WL 12528637 (S.D.N.Y. Nov. 8, 2012).

Here, Plaintiff has not met his substantial burden to show that justice mandates my recusal in this matter.  To the contrary, Plaintiff has not even alleged facts that suggest any lack of impartiality.  Plaintiff's sole allegation is that I "supported" Defense Counsel at a telephonic conference by explaining to Plaintiff the law regarding unauthorized practice of law in this state, and by informing Plaintiff of the appropriate method for lodging his complaint against defense counsel.  My role at case management conferences is, as the name suggests, to ensure efficient management of the case.  I am permitted to provide guidance to the parties, and especially to pro se parties, to ensure the case and parties remain on track and moving forward in a productive manner.  My comments to Plaintiff at the conference were impartial and were grounded in the law, and they did not foreclose Plaintiff from taking any permissible action against defense counsel.  I revealed, and harbor, no bias or favoritism to either party.  I simply told the Plaintiff something he did not want to hear.  His motion for recusal is meritless.

**2.  Recusal under 22 NYCCRR 100.3 and the Code of Judicial Conduct is not warranted.**

Plaintiff argues that recusal is proper pursuant to section 100.3 of the New York Rules of Judicial Conduct.  This section, by its terms, applies only to judges of the Unified Court System, or in other words to state judges.  22 NYCCRR § 100.6(A).  This section does not apply to federal judges such as myself, and therefore this argument is meritless.  *Raghavendra v. Trustees of Columbia Univ.*, 2012 WL 2878123, at *9 (S.D.N.Y. July 13, 2012).  Plaintiff also asserts that recusal is proper pursuant to New York State's Code of Judicial Conduct, which is set forth at Part 100 of the Rules of the Chief Administrative Judge of New York's state court.  This code

similarly applies to state court judges and not to federal judges, and the argument is thus meritless.

The federal counterpart to the code of judicial conduct is the Code of Conduct for United States Judges, available at https://www.uscourts.gov/judges-judgeships/code-conduct-united-states-judges.  Like Section 445(a), discussed above, this code provides that a federal judge shall disqualify herself in a proceeding in which her impartiality might reasonably be questioned.  U.S. Guide to Jud. Pol'y, Vol. 2A, Ch. 2, Code of Conduct for United States Judges Canon 3(C)(1)(a) (2019).  As described above, there is no persuasive or credible basis here even to suggest that I have acted impartially or in such a way that would warrant recusal under any federal – or state – standards.  While it is clear that Plaintiff was dissatisfied with my comments at the case management conference, they were a far cry from a violation of an ethical standard.

**SO ORDERED.**

Dated: New York, New York
      July 27, 2022

                                                KATHARINE H. PARKER
                                                United States Magistrate Judge