

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JESUS MARIA CANO RUIZ,

                        Plaintiff,

        -against-

SEIU LOCAL 32BJ, et al.,

                        Defendants.

**ORDER**

**19-CV-8810 (PAE) (KHP)**

**KATHARINE H. PARKER, United States Magistrate Judge.**

On August 25, 2022, Plaintiff moved this Court to find Defendants in contempt of court for failing to produce documents. (ECF No. 120.) Plaintiff filed a supporting affidavit stating that Defendants violated a Court order issued on January 10, 2022, and failed to produce documents until two months after the documents were due, demonstrating "misconduct" and showing a "conspiracy" against Plaintiff. (*Id.*) For the reasons stated below, Plaintiff's motion is DENIED.

## LEGAL STANDARD

"A finding of contempt can only be made when the moving party establishes by clear and convincing evidence that the alleged contemnor violated the court's ruling." *Heritage of Pride, Inc. v. Matinee NYC Inc.*, 2014 WL 3703871, at *1 (S.D.N.Y. July 23, 2014). Perfect compliance is not required; substantial compliance will defeat a motion for contempt of court. *Chao v. Gotham Registry, Inc.*, 514 F.3d 280, 293 (2d Cir.2008).

## APPLICATION

As an initial matter, this Court did not issue any orders on January 10, 2022, and as such it is unclear to the Court which order Plaintiff alleges Defendants have not complied with.

Additionally, at a Case Management Conference on August 16, 2022, Plaintiff stated that he was still awaiting production of certain documents, and the Court directed Defendants to produce these documents by August 31, 2022.  To the extent Defendants have not yet fully complied with their duty to produce documents, Plaintiff's motion is premature.  *See Heritage of Pride*, 2014 WL 3703871, at *1 (rejecting motion to compel as prematurely raised where plaintiffs accused the defendants of contempt of a court's order to submit a compliance report before the compliance report was due).

If, after August 31, 2022, Plaintiff still believes Defendants have failed to comply with any order of the Court, he should *not* file another motion.  Rather, in compliance with this Court's rules, Plaintiff should submit a letter to the Court requesting a conference to discuss the dispute.  At the conference, the Court will set a briefing schedule for another motion, if needed.

Plaintiff is cautioned against continuing to lodge serious and unfounded accusations against defense counsel and other individuals involved in this action.  Such accusations amount to a drain on the court's resources and may result in unwarranted damage to defense counsel's reputation.  Continued unfounded accusations of misconduct, conspiracy, and/or bias may result in sanctions against Plaintiff.  *See, e.g Book v. Moulton*, 2006 WL 8453019, at *7 (N.D.N.Y. June 6, 2006), *report and recommendation adopted*, 2006 WL 8453020 (N.D.N.Y. Sept. 13, 2006).

## **CONCLUSION**

Plaintiff's motion is DENIED, and the clerk of the court is respectfully directed to terminate ECF No. 120.

**SO ORDERED.**

Dated: New York, New York
       August 29, 2022

*Katharine H Parker*
_____
KATHARINE H. PARKER
United States Magistrate Judge