UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JESUS MARIA CANO RUIZ,

                        Plaintiff,

        -against-

SEIU LOCAL 32BJ, et al.,

                        Defendants.

**ORDER**

**19-CV-8810 (PAE) (KHP)**

**KATHARINE H. PARKER, United States Magistrate Judge.**

      Before the Court is Plaintiff's second request for me to recuse myself from this case at ECF No. 126. Plaintiff argues that recusal is warranted because he alleges that I have shown bias in Defendants' favor by not granting his motion to hold defendants' counsel in contempt of court for alleged failure to produce documents.

      By way of background, Plaintiff moved on August 24, 2022, to hold Defendants' counsel in contempt of court. I issued an order denying the motion, stating it was unclear which order Plaintiff alleged Defendants had not complied with, and that if, after August 31, 2022, Plaintiff believed Defendants had failed to comply with any order, he should submit a letter to the Court requesting a conference to discuss the dispute. (ECF No. 121.) Plaintiff filed a letter on Friday, September 2, 2022, seeking to hold such a conference. On Tuesday, September 6, 2022, Defendants filed a response, and on Wednesday, September 7, Defendants filed a motion also seeking a conference. On Thursday, September 8, 2022, Plaintiff filed the motion for recusal, and on the same day, the Court issued an order setting a deadline for the parties to submit letters outlining what, if any, discovery remained outstanding, and informing the parties that

their disputes would be discussed at the September 28, 2022 case management conference – a conference that had been scheduled weeks prior.

A judge should recuse herself "in any proceeding in which [her] impartiality might reasonably be questioned." 28 U.S.C. § 455(a). There is a strong presumption that a judge is impartial, and the movant bears the "substantial" burden of overcoming that presumption. *Metro. Opera Ass'n, Inc. v. Loc. 100, Hotel Emps. & Rest. Emps. Int'l Union*, 332 F. Supp. 2d 667, 670 (S.D.N.Y. 2004) (citation omitted). A judge has "an affirmative duty" not to unnecessarily disqualify herself. *Nat'l Auto Brokers Corp. v. Gen. Motors Corp.*, 572 F.2d 953, 958 (2d Cir. 1978).

Here, Plaintiff has not alleged facts that suggest any lack of impartiality. Plaintiff alleges that because I did not respond as quickly to his request for a conference as he would have liked, this reveals a bias toward the Defendants and that I am ignoring his concerns. While this Court often responds to Plaintiff's requests very quickly, it is not unusual for courts to take a few days, weeks, or months to respond to parties' requests, depending on the request. Courts frequently need time to review the parties' positions and consider the appropriate outcomes. Plaintiff's allegations do not demonstrate that this court harbors any bias toward him. *See In re Frontier Commc'ns Corp.*, 2021 WL 2333627, at *6 (S.D.N.Y. June 8, 2021) (denying motion for recusal where the movant argued that the Court did not decide his appeal quickly enough). In any event, the Court has specifically stated it will address any discovery issues and Plaintiff's belief that Defendants have ignored a Court order at the upcoming conference.

Plaintiff also argues that this Court is conspiring with Defendants to draw out discovery. This claim is entirely unfounded, and the Court has consistently attempted to move discovery

forward despite Plaintiff's failures to comply with deadlines, as well has his frequently filing motions such as this one that take up the Court's and the parties' time. Plaintiff's concern that any delay in completion of discovery will cause the statute of limitations on his claims to run is without merit as well. The statute of limitations is computed based on the date a claim accrues and once a claim is filed, the length of discovery does not impact whether a claim is deemed timely.

Plaintiff's request for recusal is denied for the above reasons.

The Court reminds Plaintiff that if he believes legal assistance would be helpful in moving his case forward, there is a legal clinic in this District available to assist pro se parties in civil cases. The Clinic, run by a private organization called the New York Legal Assistance Group, is located in the Thurgood Marshall United States Courthouse, 40 Centre Street, New York, New York, in Room LL22, and is open on weekdays from 10 a.m. to 4 p.m., except on days when the Court is closed. Pro se parties can make an appointment with the Clinic by calling (212) 659-6190.

**SO ORDERED.**

Dated: New York, New York
September 13, 2022

_Katharine H Parker_
KATHARINE H. PARKER
United States Magistrate Judge