USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 9/30/2022

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JESUS MARIA CANO RUIZ,

                                                    Plaintiff,

                -against-

SEIU LOCAL 32BJ, et al.,

                                                   Defendants.

**ORDER**

**19-CV-8810 (PAE) (KHP)**

**KATHARINE H. PARKER, United States Magistrate Judge.**

      As discussed at the September 28, 2022, Case Management Conference:

      **Remaining discovery:** By **Friday, October 28, 2022**, Defendants shall produce to Plaintiff his available ADP records and W2 form from the last year of his employment. Other than these items, discovery is now closed. The additional documents requested by Plaintiff in his September 14, 2022 letter or at the Case Management Conference are not relevant to the claims or defenses in this case and accordingly these items are not required to be produced.

      **Plaintiff's deposition transcript:** Within three business days of receiving the deposition transcript from the second deposition of Plaintiff, Defendants shall confirm with the court reporter that the transcript was also sent to Plaintiff. In the event the court reporter does not send the transcript to Plaintiff, Defendants shall send the transcript to Plaintiff.

      **Summary Judgment briefing schedule:** Defendants' Motion for Summary Judgment is due **November 11, 2022**. Plaintiff's Opposition to the Motion for Summary Judgment, and any Cross-Motion for Summary Judgment, are due on **December 16, 2022**. Defendants' reply, and if applicable, their opposition to Plaintiff's cross-motion, is due **January 13, 2023**. In the event

Plaintiff files a Cross-Motion for Summary Judgment and Defendant files an Opposition to the Cross-Motion, Plaintiff's Reply to the Opposition is due **February 3, 2023**.

Upon any motion for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure, there shall be annexed to the notice of motion a separate, short and concise statement, in numbered paragraphs, of the material facts as to which the moving party contends there is no genuine issue to be tried.  The papers opposing a motion for summary judgment shall include a correspondingly numbered paragraph responding to each numbered paragraph in the statement of the moving party, and if necessary, additional paragraphs containing a separate, short and concise statement of additional material facts as to which it is contended that there exists a genuine issue to be tried.  Each statement by the movant or opponent pursuant to Rule 56.1(a) and (b), including each statement controverting any statement of material fact, must be followed by citation to evidence which would be admissible, set forth as required by Fed. R. Civ. P. 56(c)

Parties' briefs must be in 12-point type or larger, except for text in footnotes which may be 10-point type, and all text must be double-spaced, except for headings, text in footnotes, or block quotations, which may be single-spaced.  Memoranda of law in support of and in opposition to motions are limited to 25 pages and reply memoranda are limited to 10 pages.  Memoranda of 10 pages or more shall contain a table of contents and a table of authorities, neither of which shall count against the page limit.  Sur-reply memoranda will not be accepted without prior permission of the Court.  All moving papers must be in searchable PDF form.

**No further motions from Plaintiff.**  The Court finds there is no evidence supporting a motion to hold Defendants in contempt of court for failure to comply with discovery

2

obligations.  Plaintiff shall <u>not</u> file a renewed motion to hold Defendants in contempt of court. Additionally, Plaintiff's allegation that Ms. Whitney improperly obtained his Second Motion to Hold Defendant's Counsel in Contempt of Court is unsubstantiated.  That document was filed (presumably inadvertently) under seal on the public docket on September 12, 2022. Documents filed under seal are available to the Court and to all case participants, including opposing counsel.  Accordingly, the document was readily available to Defense Counsel on that day.  Plaintiff shall <u>not</u> file any motions asking the Court to take any action against Defendants for accessing a document that was filed on the docket.

**SO ORDERED.**

Dated: New York, New York
September 30, 2022

_Katharine H. Parker_
KATHARINE H. PARKER
United States Magistrate Judge