UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

JESUS M. CANO,

                         Plaintiff,

-v-

SEIU. LOCAL 32BJ, SOLIL MANAGEMENT LLC, SOL GOLDMAN INVESTMENTS, LLC, SCOTT PRICE, EDO MEHMEDOVIC, MARTIN BALL, VIVIAN ORELLANA, *and* SARA APPEL,

                         Defendants.

19 Civ. 8810 (PAE) (KHP)

OPINION & ORDER

---

PAUL A. ENGELMAYER, District Judge:

      Plaintiff Jesus M. Cano ("Cano"), proceeding *pro se*, brings this employment discrimination action against his former employer, Solil Management, LLC and Sol Goldman Investments, LLC (collectively, "Solil") and his union, the Service Employees International Union Local 32BJ (the "Union").[1] On September 30, 2021, the Court granted in full the Union's motion to dismiss, and granted in part and denied in part Solil's motion to dismiss, sustaining Cano's claims against Solil of hostile work environment, retaliation, and discrimination based on race, ethnicity, and/or national origin. Dkt. 87. On December 2, 2022, Solil moved for summary judgment as to all outstanding claims, filing declarations, an affirmation, and a statement of facts in support. Dkts. 140–46. On February 1, 2023, Cano opposed Solil's motion. Dkts. 153–54. On March 2, 2023, Solil replied. Dkt. 156.

---

[1] The Court understands Cano to have voluntarily dismissed his claims against the individual defendants. Dkt. 87 at 1 n.1.

On April 17, 2023, the Honorable Katharine H. Parker, United States Magistrate Judge, to whom this Court referred the case for general pretrial supervision, issued a Report and Recommendation, recommending that the Court grant Solil's motion for summary judgment and dismiss Cano's claims with prejudice. *See* Dkt. 161 (the "Report"). On April 28, 2023, Cano filed objections to the Report. Dkt. 162 ("Obj."). On May 11, 2023, Solil responded. Dkt. 163 ("Resp."). The Court incorporates by reference the summary of the facts provided in the Report. For the following reasons, the Court adopts the Report in full.

## DISCUSSION

In reviewing a Report and Recommendation, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). When specific objections are timely made, "[t]he district judge must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3); *see also United States v. Male Juvenile*, 121 F.3d 34, 38 (2d Cir. 1997). "To accept those portions of the report to which no timely objection has been made, a district court need only satisfy itself that there is no clear error on the face of the record." *Ruiz v. Citibank, N.A.*, No. 10 Civ. 5950 (KPF) (RLE), 2014 WL 4635575, at *2 (S.D.N.Y. Aug. 19, 2014) (quoting *King v. Greiner*, No. 02 Civ. 5810 (DLC), 2009 WL 2001439, at *4 (S.D.N.Y. July 8, 2009)); *see also, e.g., Wilds v. United Parcel Serv.*, 262 F. Supp. 2d 163, 169 (S.D.N.Y. 2003).

If a party objecting to a Report and Recommendation makes only conclusory or general objections, or simply reiterates its original arguments, the Court will review the Report strictly for clear error. *See Dickerson v. Conway*, No. 08 Civ. 8024 (PAE), 2013 WL 3199094, at *1 (S.D.N.Y. June 25, 2013); *Kozlowski v. Hulihan*, Nos. 09 Civ. 7583, 10 Civ. 0812 (RJH)

2

(GWG), 2012 WL 383667, at *3 (S.D.N.Y. Feb. 7, 2012). This is so even in the case of a *pro se* plaintiff. *Telfair v. Le Pain Quotidien U.S.*, No. 16 Civ. 5424 (PAE), 2017 WL 1405754, at *1 (S.D.N.Y. Apr. 18, 2017) (citing *Molefe v. KLM Royal Dutch Airlines*, 602 F. Supp. 2d 485, 487 (S.D.N.Y. 2009)).

Cano raises various objections. However, even when reading these with the special solicitude owed to *pro se* filings, the Court does not discern any non-conclusory objections directed at the Report's findings. Instead, Cano's objections largely concern (1) the alleged "misconduct and bias" of Judge Parker, *see, e.g.*, Obj. at 1–4; (2) various purported docketing errors, *see id.* at 3–6; (3) the filing of an unsigned declaration, *see id.* at 7; (4) conduct by defense counsel during discovery and briefing, *see, e.g., id.* at 5–7; and (5) Judge Parker's previous orders in the case, *see id.* at 9, including those denying Cano's motion for recusal, *see* Dkt. 114, denying his motion to hold defendants in contempt of court, *see* Dkts. 128, 131, 133, and providing direction on his opposition brief, *see* Dkt. 150.

None of these arguments responds to Judge Parker's cogent analysis as to why entry of summary judgment is warranted for Solil.

At the outset, the Court is again compelled to condemn Cano's unsubstantiated allegations regarding Judge Parker and the staff of this Court, which, like those in Cano's earlier screed, *see* Dkt. 87 at 34, disrespect the laudable work of these professionals. Cano's attacks on the judiciary—and his request that this Court "apply jail punishment . . . to every single person involved in court misconduct," Obj. at 10—have no place.

As to the alleged docketing errors, Cano's objections, while difficult to parse, do not supply a basis on which to challenge the analysis in the Report. Indeed, the Report cites portions of Cano's opposition that he appears to claim had been errantly filed. And the Court agrees with

3

Judge Parker that defendants adequately remedied the initially unsigned declaration, and that any such initial deficiency does not disturb Judge Parker's analysis of the summary judgment motion. *See* Report at 19. Cano's arguments about defense counsel are unclear and also irrelevant to the pending motion. And his attacks on Judge Parker's earlier rulings are baseless and unresponsive to the analysis in the Report.

Finally, Cano's few objections directed at the Report are conclusory and without merit. *See* Obj. at 9 (arguing Report "overlooked or ignored plaintiff's evidence" and contradicted recommendation on motion to dismiss). Accordingly, the Court reviews the Report for clear error. *See Dickerson*, 2013 WL 3199094, at *1. Finding none in Judge Parker's thorough and well-reasoned Report, the Court adopts the Report in full.

## CONCLUSION

For the foregoing reasons, the Court accepts and adopts Judge Parker's April 17, 2023 Report and Recommendation in its entirety and grants Solil's motion for summary judgment. The Court respectfully directs the Clerk of the Court to terminate all pending motions, close this case, and mail a copy of this opinion and order to Cano at the address on file.

SO ORDERED.

                                                 *Paul A. Engelmayer*
                                                 Paul A. Engelmayer
                                                 United States District Judge

Dated: July 27, 2023
       New York, New York