UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

JESUS M. CANO,

                                 Plaintiff,

                      -v-

SEIU, LOCAL 32BJ, *et al.*,

                                 Defendants.

19 Civ. 8810 (PAE) (KHP)

OPINION & ORDER

---

PAUL A. ENGELMAYER, District Judge:

On July 27, 2023, this Court granted defendants' motion for summary judgment and dismissed *pro se* plaintiff Jesus M. Cano's action with prejudice. *See* Dkt. 165. Judgment was entered by the Clerk of Court the next day. *See* Dkt. 166. Under Federal Rule of Appellate Procedure 4(a)(1), the time to file a notice of appeal expired 30 days after entry of the judgment on the Court's docket. That deadline passed on August 28, 2023.[1] Cano did not file a notice of appeal.

On August 30, 2023, Cano moved to extend the time to file a notice of appeal. *See* Dkt. 168 ("Motion"). For the following reasons, Cano's motion is granted, and the deadline to file an appeal is extended to **September 27, 2023**.

### DISCUSSION

A plaintiff has 30 days from the entry of judgment to appeal. *See* Fed. R. App. P. 4(a)(1). This requirement is "mandatory and jurisdictional." *Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 61 (1982) (per curiam) (quoting *Browder v. Dir., Dep't of Corrs.*, 434 U.S. 257,

---

[1] Because the 30-day deadline would have fallen on a Sunday (August 27, 2023), Cano had until Monday (August 28, 2023) to file a notice of appeal. *See* Fed. R. App. P. 26(a)(1)(C).

264 (1978)). In this case, because judgment was entered on the docket on July 28, 2023, *see* Dkt. 166, Cano had until August 28, 2023 to appeal. He did not do so.

Federal Rule of Appellate Procedure 4(a)(5) allows a court to grant an extension of the time to file a notice of appeal if two requirements are met. First, a party must move for an extension "no later than 30 days after the time prescribed" to file a notice of appeal in the first place (that is, no later than 60 days after the entry of judgment). Fed. R. App. P. 4(a)(5)(A)(i). Here, that additional 30-day window has not yet passed, making Cano's motion timely.

Second, this Court must find either "excusable neglect or good cause." Fed. R. App. P. 4(a)(5)(A)(ii). To succeed here, Cano's failure to file a motion of appeal must constitute "excusable neglect." As the Second Circuit recently explained:

> The good cause and excusable neglect standards have different domains and are not interchangeable. The excusable neglect standard applies in situations in which there is fault; in such situations, the need for an extension is usually occasioned by something within the control of the movant. The "good cause" standard, in contrast, applies in situations in which there is no fault—excusable or otherwise, such as when the Postal Service fails to deliver a notice to appeal. In no-fault circumstances, "good cause" is the appropriate standard because it may be unfair to make a movant prove that its "neglect" was excusable, given that the movant may not have been neglectful at all. To establish good cause, the movant must therefore show that the need for an extension is occasioned by something that is not within the control of the movant.

*Alexander v. Saul*, 5 F.4th 139, 147 (2d Cir. 2021) (cleaned up), *cert. denied sub nom. Alexander v. Kijakazi*, 142 S. Ct. 1461 (2022). Cano states in his motion that he was "unable to pay the filing fee . . . for a notice of appeal" until now. Motion at 1. But financial strife is "not comparable to the Postal Service failing to deliver a notice of appeal." *Alexander*, 5 F.4th at 148. Nor was this situation unavoidable. Cano could have, for instance, filed a timely notice of appeal and filed simultaneously a motion for leave to proceed *in forma pauperis*. *See* 2d Cir. R. 12.1(c) (noting that an appellant "must pay the docketing fee" upon filing, "unless the appellant . . . is seeking . . . leave to proceed *in forma pauperis*"). Whether characterized as "inadvertence,

mistake, or carelessness," this error constitutes neglect. *LoSacco v. City of Middletown*, 71 F.3d 88, 93 (2d Cir. 1995) (quoting *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 388 (1993)).

Cano must, therefore, prove that the neglect was excusable. *See In re Enron Corp.*, 419 F.3d 115, 121 (2d Cir. 2005) (noting that burden lies with movant). "Factors to be considered in evaluating excusable neglect include (1) the danger of prejudice to the non-movant, (2) the length of the delay and its potential impact on judicial proceedings, (3) the reason for the delay, including whether it was within the reasonable control of the movant, and (4) whether the movant acted in good faith." *Silivanch v. Celebrity Cruises, Inc.*, 333 F.3d 355, 366 (2d Cir. 2003) (cleaned up) (quoting *Pioneer*, 507 U.S. at 395). "[T]he determination is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission." *Pioneer*, 507 U.S. at 395. The Second Circuit has instructed, however, that "dispositive weight" should be accorded to the third factor—the reason for the delay. *Alexander*, 5 F.4th at 149; *see also* CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE & PROCEDURE § 3950.3 (3d ed. 2022) (similar). "[T]he equities," after all, "will rarely if ever favor a party who 'fail[s] to follow the clear dictates of a court rule.'" *Silivanch*, 333 F.3d at 366 (quoting *Canfield v. Van Atta Buick/GMC Truck, Inc.*, 127 F.3d 248, 250 (2d Cir. 1997)).

Cano has met his burden. Here, as "[i]n the typical case," the first two factors favor Cano: The delay, just two days, is minimal in both actual and relative terms, and as a result there is little prejudice to defendants. *Id.* And, as to the fourth factor, the Court has no reason to doubt Cano's good faith. That leaves the "dispositive" third factor. *Alexander*, 5 F.4th at 149. The Court finds Cano's excuse reasonable. "The federal rules are complex, and the court may find excusable neglect in a *pro se* litigant's confusion about how they work." *Whitfield v. Howard*,

852 F.3d 656, 660–61 (7th Cir. 2017); *see also, e.g.*, *Bolarinwa v. Williams*, 593 F.3d 226, 230–31 (2d Cir. 2010) (affirming as within district court's discretion a "short extension" for a *pro se* petitioner who misunderstood what was required to file a notice of appeal). Although "ignorance of the rules, or mistakes construing the rules do not usually constitute 'excusable' neglect," *Pioneer*, 507 U.S. at 392, courts have "give[n] weight to the fact that a litigant is *pro se* when determining whether neglect is excusable," WRIGHT & MILLER, *supra*, § 3950.3. It would be understandable if Cano considered himself ineligible to proceed *in forma pauperis* on appeal; after all, he states that he is now (or will soon be) able to pay. *See* Motion at 1. Indeed, an *in forma pauperis* applicant must swear that he "cannot prepay" due to his "poverty"—a statement that Cano might have considered inaccurate if he knew he would have the funds in a few weeks' time. *See* Dkt. 166, Ex. 1 at 5 (sample application to appeal *in forma pauperis* that was sent to Cano). This neglect is excusable. *Cf. Johnson v. Comm'r of Soc. Sec.*, No. 20 Civ. 8191 (SN), 2021 WL 5494521, at *2 (S.D.N.Y. Nov. 22, 2021) (finding excusable neglect when *pro se* litigant's "delay in filing was slight," her "confusion" was understandable, and an extension was "unlikely to cause prejudice").

Under Rule 4(a)(5), no extension may "exceed 30 days after the prescribed time [for appeal]"—here, September 27, 2023—"or 14 days after the date when the order granting the motion is entered, whichever is later." Fed. R. App. P. 4(a)(5)(C). The Court hereby extends the time to file an appeal in this case to September 27, 2023. If Cano is still unable to pay the filing fee, he remains free to file for leave to proceed *in forma pauperis*.

## CONCLUSION

For the foregoing reasons, the Court grants Cano's motion for an extension of time to file a motion of appeal to **September 27, 2023**.

SO ORDERED.

*Paul A. Engelmayer*
Paul A. Engelmayer
United States District Judge

Dated: September 5, 2023
       New York, New York